**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CR-11-296-D |
| | ) | |
| **ANTOINE DEARUNDRE PARKER, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on Defendant's objections to the Government's 404(b) Notice. The filing was in response to the Government's October 31, 2011 Rule 404(b) Notice, wherein Plaintiff represented its intention to introduce evidence that on April 9, 2008, Defendant possessed a firearm during the commission of a robbery, resulting in a conviction for the offense of robbery with a firearm in the District Court of Oklahoma County.

Plaintiff contends the Defendant's prior conviction is admissible because it is relevant to show knowledge, intent and absence of mistake or accident. The disputed element in this case is whether Defendant "knowingly" possessed a firearm on March 8, 2011. The United States contends this fact tends to be proven by Defendant's prior possession of a firearm. Defendant contends his 2008 conviction for robbery with a firearm is improper character evidence intended to infer to the jury that he is a bad person. He further contends that the evidence is not relevant, and that any probative value is outweighed by the prejudicial effect of such evidence. Finally, he argues his conviction was too remote and not intrinsic to the issues in this case, rendering the evidence inadmissible.

The Court will defer ruling on this issue until trial, which is scheduled to begin with jury selection later today. At trial the Plaintiff should approach the bench prior to introducing any evidence regarding Defendant's prior conviction. At that time, and after hearing from the Government the factual circumstances surrounding Defendant's 2008 conviction and the extent of the evidence it wishes to present, the Court will be in a better position to assess the Federal Rules of Evidence Rule 404(b) factors and to weigh those factors against any potential prejudice to Defendant. *See Huddleston v. United States*, 485 U.S. 681, 686, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *United States v. Moran*, 503 F.3d 1135, 1143-46 (10th Cir. 2007).

IT IS SO ORDERED this 7th day of November. 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE